IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel BEAU HARVEY, | ) | Case No. 3:26-cv-1964 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| JUDGE S. DWIGHT OSTERUD, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |

Beau Hearvey filed this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the style of a qui tam action. He is the defendant in a criminal case pending in the Toledo Municipal Court. *See State of Ohio v. Harvey*, No. CRB 25 02887 (Toledo Mun. Ct. filed Apr. 9, 2025). He claims that the judge presiding over his trial retaliated against him for his participation in what the judge believed to be unreasonable delay tactics. He asks this Court to intervene in his pending criminal case, order the current Judge to remove all the conditions of pretrial release including GPS ankle monitoring, and restrain the judge from revoking his bond or holding him in contempt of court.

As an initial matter, this is clearly not a qui tam action filed on behalf of the United States Government. Qui tam statutes allow a private person to bring an action in the name of the United States, because that action will benefit both the private person and the government. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 769

(2000). Harvey filed this as a habeas petition under 28 U.S.C. § 2241. A habeas petition is personal to the petitioner. The United States government has no interest in and gains no benefit from Harvey's habeas petition. Filing this action by titling it as a qui tam action, *United States ex rel Beau Harvey*, is frivolous.

Furthermore, Harvey filed an Application to Proceed *In Forma Pauperis* using an AO 240 (short form) (Doc. No. 2). The AO 240 form is an outdated form that the Court no longer accepts because it does not provide a complete and accurate picture of the litigant's financial situation. Moreover, Harvey states, without explanation, that his income is $ 5,000 a month through gifts and inheritance and indicates that he has $ 120,000.00 in equity in a real estate holding. His resources suggest that payment of the filing fee is not beyond his means. That Application is denied.

Finally, this federal court cannot interfere in Harvey's ongoing state court criminal prosecution to consider matters that can be resolved through trial on the merits in the state court or on appeal to the state appellate courts, this case is dismissed.

Harvey was charged with sexual imposition: offensive or reckless sexual contact in April 2025. *See State of Ohio v. Harvey*, No. CRB 25 02887 (Toledo Mun. Ct. filed Apr. 9, 2025). Since that date, the case has been set for trial seven times, and has been continued six times due to Harvey's Motions or filings. When the state court denied his motion for continuance in June 2026, his attorney filed a motion to withdraw and Harvey filed a Notice of Appeal, which temporarily deprived the trial court of jurisdiction. The court reset the trial for August 18, 2026. Once again, the court denied continuances, his attorney filed a motion to withdraw and Harvey filed an appeal. The court denied the motion to withdraw. On the day of trial, the trial court stated on the record:

> Defendant has filed a bogus appeal with the 6th District Court of Appeals which has delayed and postponed the trial set for today. Defendant has consistently obstructed the administration of this court by filing bogus appeals and motions. Defendant is found in direct contempt. The Court shall apply sanctions upon the denial of defendant's appeal.

*Id.*

On that same day, August 18, 2026, Harvey filed this action in this federal court. He asserts claims of retaliation, asserting the state court judge retaliated against him for filing motions and appeals. Harvey wants this Court to intervene in his criminal case, order the Judge to remove the GPS monitor, grant his counsel's Motion to Withdraw, and bar the Municipal Court from holding him in contempt. None of these are requests are valid in a habeas corpus petition.

While 28 U.S.C. § 2241 allows Federal Courts to consider pretrial habeas corpus petitions, the Court cannot interfere with a state court criminal proceeding if the issues raised in the petition can be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Younger v. Harris*, 401 U.S. 37 (1971); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (Younger applies to applications for the writ of habeas corpus). In fact, the Sixth Circuit has recognized only three circumstances under which a federal court may consider a pre-trial habeas petition fiiled by a state court defendant: (1) the petitioner seeks a speedy trial from the state court (as opposed to dismissal of the charges on speedy trial grounds), and available state-court remedies have been exhausted; (2) the petitioner seeks to avoid a second trial on double jeopardy grounds; and (3) the petitioner on retrial faces prejudice from ineffective assistance of counsel and due process violations that occurrred during the first trial. *See Folley*, No. 20-3554, 2020 WL 9813535, at *2. Harvey

does not assert these claims. Rather, he claims the state court retaliated against him and wants this Court to to overturn the state court judge's decisions regarding GPS monitoring, counsel's motion to withdraw, and a finding of contempt. That relief that cannot be attained by way of a pretrial § 2241 petition. *Id*. (citing *Atkins*, 644 F.2d at 546-48).

Accordingly, Harvey's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Because Harvey is denied pauper status, the Court will not accept any other document for filing in this case, unless and until the filing fee has been paid.

**IT IS SO ORDERED.**

Dated: August 25, 2026

United States District Judge